IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENDALL WILLIS                                                                                          PLAINTIFF

v.                                      Civil No. 3:25-cv-03015-TLB-CDC

JAIL ADMINISTRATOR LOLA BEAVERS                                             DEFENDANTS
MITCHELL, Madison County Detention
Center; and SHERIFF RONNIE BOYD,
Madison, Couty, Arkansas

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court and a Motion to Dismiss (ECF No. 26) filed by Defendants.

### I. DISCUSSION

Plaintiff, Kendall Willis, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff was incarcerated in the Newton County Detention Center ("NCDC") when he filed his Complaint. (ECF No. 1 at 1-2).

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his

1

or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On July 23rd and July 25th, 2025, mail sent to Plaintiff at the NCDC was returned as undeliverable stamped return to sender with a handwritten notation that Plaintiff was "no longer in our facility." (ECF Nos. 24-25). Plaintiff had thirty days to advise the Court of his new address. (ECF No. 24). The new address was to be provided to the Court by August 22, 2025. *Id.*

To date, Plaintiff has not provided a new address or contacted the Court in anyway. Defendants have filed a Motion to Dismiss. (ECF No. 26). In it, they state they have been unable to effect service of their correspondence on the Plaintiff. *Id.* In reviewing the docket sheet, the Court notes the last document filed by the Plaintiff were his Complaint and IFP application. (ECF Nos. 1-2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added).

## II. CONCLUSION

For these reasons, it is recommended that Defendants' Motion to Dismiss (ECF No. 26) be **GRANTED and this be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

RECOMMENDED this 25th day of August 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE